### REVETTE v. CITY OF FORT LAUDERDALE.
No. C-64-1378
Circuit Court, Broward County.
January 7, 1966.

John W. Stanford of Anderson & Stanford, Fort Lauderdale, for plaintiff.

Dean Andrews, City Attorney, for the defendant.

TED CABOT, Circuit Judge.

*Summary final decree:* This cause came on to be heard upon plaintiff's motion for summary final decree, and the court having considered the pleadings, affidavit and record, finds that there is no genuine issue as to any material fact, and that the plaintiff is entitled to a summary final decree as a matter of law.

The complaint and answer present the issue of whether the plaintiff is exempt under §205.17, Florida Statutes, from an occupational license tax sought to be imposed upon the plaintiff by the defendant. The material portion of §205.17 follows —

"(1) All farm, horticultural, floricultural and grove products and products manufactured therefrom, . . . shall be exempt from all forms of license tax, state, county and municipal, when the same is being offered for sale or sold by the farmer or grower producing said products. . . ."

The language of the statute is clear in its exempting provisions. However, the problem presented in this case involves the question whether certain activities of the plaintiff fall within the activities of selling by the grower as contemplated by the statute.

The facts of plaintiff's business activities appear in plaintiff's affidavit filed in support of his motion, and the defendant did not file any opposing affidavits nor is there any opposing proof in the record. The plaintiff is the owner and operator of a nursery business in the city of Fort Lauderdale. The activities of the nursery business consist principally of growing horticultural and floricultural products and the sale of such products. The plaintiff's customers purchase from the plaintiff horticultural and floricultural plants grown or produced by plaintiff, and, occasionally, in making such purchases, customers will request plaintiff's advice as to the type of plant to be used for a specific purpose and plaintiff always provides such advice without additional charge or fee.

It occasionally occurs that the purchase order is for a rather large quantity of plants, delivery of which is not immediately required, and in such event plaintiff grows and produces said quantity of plants by rooting cuttings of the plant type required in containers with specially prepared soil or other rooting material. Such growing and producing of plants requires the constant care and attention of the plaintiff and his employees.

When the plants are to be delivered by plaintiff to the customer, frequently the customer receives delivery of the plants at the location of plaintiff's nursery business. On other occasions, the customer will request that plaintiff deliver and place the plants in the ground at the location of the customer's residence or business. When such delivery and planting is performed by plaintiff, no additional fee or compensation other than the sale price of the particular product sold is charged by plaintiff except for the actual cost to plaintiff of delivery and labor. The plaintiff estimates that approximately 31% of his sales of horticultural and floricultural products involves delivery and planting by plaintiff, and approximately 69% of such sales involves delivery of products to the customer at the location of plaintiff's nursery business.

All of the horticultural and floricultural products described in the foregoing business activities are raised and produced by the plaintiff.

Chapter 23, and especially §23-40 (113) (c), of the defendant's municipal ordinances imposes an occupational license tax on an occupation or business classification designated as "Landscape Contractors". This business classification under the ordinance covers the maintenance of yards and gardens, power-spraying, tree surgery, replacement of plants, shrubs, trees and grass, and further specifically covers the introduction and planting of seed, plants, shrubs and trees from a location other than the premises. The ordinance imposes an annual license tax of $60.

It is the defendant's position that the plaintiff is liable for the license tax under the ordinance, and the defendant has admitted in its answer that it has notified the plaintiff that if an occupational license is not acquired and the specific sum paid, a warrant would be issued charging the plaintiff with violation of the municipal ordinance and therefore threatening the arrest of the plaintiff. It is the position of the plaintiff that his business activities hereinabove described are merely an incidental part of the sale by him as a grower or farmer of horticultural and floricultural products by him and that such sale activities are therefore exempt under §205.17 of the statutes from any municipal license tax and especially the one sought to be imposed by defendant. The defendant asserts that such business activities are not incidental to an exempt sale but constitute a separate business activity subject to the license tax.

It appears that there is a controversy between the plaintiff and the defendant to be decided, and there being no genuine issue as to any material fact, the controversy is resolved into a question of law for the court's decision. It is obvious that the products of the

plaintiff are within the classification of horticultural and floricultural products described in the statute and that such products are produced by the plaintiff. Therefore, the question to be decided is whether the planting of the horticultural products by the plaintiff constitutes a separate business or is merely incidental to plaintiff's sale of the products produced by him.

Research has revealed only one Florida case construing this statutory exemption. Johns v. Weeks, 140 Fla. 141, 191 S. 187 (1939), construes a substantially identical predecessor of the present statute. The case involved the sale by farmers of their produce at a wholesale farmers' produce market, and the license tax was imposed by a state statute providing for a tax on the selling of tangible personal property. The court specifically noted that the wholesale farmers' produce market was not the usual type of selling, but nevertheless they were still within the statutory exemption. The court further noted a public policy on the part of the legislature for years to exempt producers of agricultural products from all forms of license tax in the disposition of such products. It must be concluded from this case that the exemption of sale of farm products is not to be strictly limited to a sale thereof by an individual farmer at the location of his farm, but that the public policy of the state requires that latitude be given in determining what is included within the exemption.

The problem of determining whether planting of shrubs is a separate business or is merely incidental to the sale thereof is quite similar to the problem in many cases of whether a specific activity is deemed an agricultural activity, and the same test seems appropriate to both situations. The test for determining whether an activity is agricultural in nature is quite clearly stated in 3 Am. Jur. 2d, Agriculture, §1, as follows —

> "Whether a particular type of activity is agricultural depends in large measure upon the way in which that activity is organized. The question is not determined by the necessity of the activity to agriculture nor by the physical similarity of the activity to that done by farmers in other situations. The test is whether the activity in the particular case is carried on as part of the agricultural function or is separately organized as an independent productive activity."

In applying this test, the activity must be determined to be incidental to the sale of the agricultural products, unless it appears that the activity is separately organized as an independent productive activity.

This same basic test was followed by the Supreme Court in Florida Industrial Commission v. Growers Equipment Co., 152 Fla. 595, 12 So. 2d 889 (1943). This case involved the taxation

exemption of agricultural labor under the Unemployment Compensation Law. The specific problem presented was whether an employee of a citrus canning plant was an agricultural laborer. Notwithstanding close ownership of different corporations owning the canning plant and citrus groves, the court concluded that the citrus canning plant was a separate operation from the grove operation. It is particularly important to note that in the court's first opinion serious consideration appeared to have been given to the number of employees and large quantity of boxes of fruit processed by the canning plant, but upon rehearing, the court clarified this position. In concluding that the canning plant was a separate business, the court specifically stated that the size of the operation is immaterial, and it is the method of the operation which controls.

In the present case, the activities of the plaintiff in planting shrubbery follow closely behind the sale of the identical plants by the plaintiff, and no additional fee or compensation other than the sale price is charged except for the actual cost of delivery and labor. It does not appear that this activity is separately organized as an independent productive activity of the plaintiff, but it appears to be only a method of creating good customer relations in the sale of the horticultural products produced by the plaintiff.

It is the opinion and conclusion of the court that the activities of the plaintiff in planting horticultural products as hereinabove described constitute only an incidental part of the sale of horticultural or floricultural products produced by the plaintiff, and that such activities are exempt from the license tax sought to be imposed upon the plaintiff by the defendant.

This court has jurisdiction of this cause and the parties hereto under chapter 87, Florida Statutes, for the granting of declaratory and supplementary relief.

It is thereupon ordered, adjudged and decreed as follows — (1) As to the business activities described in this decree, the plaintiff, Ray Revette, doing business as Revette Nursery & Landscape, is exempt under §205.17, Florida Statutes, from the occupational license tax imposed by chapter 23, and §23-40 (113) (c) thereof, of the municipal ordinances of the defendant city of Fort Lauderdale. (2) The defendant city of Fort Lauderdale is permanently enjoined and restrained from requiring or attempting to require the plaintiff, Ray Revette, doing business as Revette Nursery & Landscape, to pay any form of occupational license tax or fee based upon or as a condition to performing the business activities of the plaintiff described in this decree. (3) The court retains jurisdiction of this cause for the granting of such further relief as shall be necessary or proper.